UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HANNA AQUINO, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) 2:23-cv-00310-NT |
| MATTHEW T. MCDONALD., | ) ) ) |
| Defendant | ) ) |

**ORDER ON PLAINTIFFS' MOTION FOR
ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS**

Plaintiffs, the personal representative (Plaintiff Englar) of and a beneficiary (Plaintiff Aquino) of the Estate of Max Linn, allege Mr. Linn provided $225,000 to Defendant for investment in cryptocurrency, but that Defendant retained and did not return the funds when requested. Plaintiffs seek an attachment and an attachment on trustee process in the amount of $225,000 against Defendant's property. (Motion for Attachment, ECF No. 14.) Defendant did not file an opposition to the motion.[1]

After review of Plaintiffs' motion and supporting documents, the Court grants the motion.

---

[1] District of Maine Local Rule 7(b) provides: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. Me. Loc. R. 7(b). Under Local Rule 7, therefore, Defendant has waived objection to Plaintiffs' motion and the motion could be granted on that basis. The Court nevertheless will address the merits of Plaintiffs' motion.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 64 and District of Maine Local Rule 64, the Court applies Maine law when presented with a motion for attachment and attachment on trustee process. To obtain an attachment or an attachment on trustee process, a plaintiff must demonstrate "that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment." Me. R. Civ. P. 4A(c), 4B(c). A motion for an attachment or an attachment on trustee process must be accompanied by an affidavit or affidavits setting forth "specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that the affiant believes this information to be true." Me. R. Civ. P. 4A(i), 4B(c).

While Plaintiffs have alleged eleven theories of recovery, the Court need not assess each cause of action to determine whether Plaintiffs are likely to recover judgment against Defendant. The record reflects that in 2021, Mr. Linn provided Defendant with $225,000 belonging to Plaintiff Aquino and Mr. Linn to invest on their behalf and that Defendant has not returned the funds in any form. (Complaint ¶¶ 78–80, ECF No. 1; Affidavit of Hanna Aquino ¶¶ 3, 6, 9, Attachments, ECF No. 14-1.) The record evidence facts, which is not contested by Defendant on the motion for attachment, at a minimum establish that it is

more likely than not that Plaintiffs will recover a judgment of $225,000 on their conversion claim.

"The gist of conversion is the invasion of a party's possession or right to possession at the time of the alleged conversion." *Withers v. Hackett*, 1998 ME 164 ¶ 7, 714 A.2d 798, 800 (quoting *General Motors Acceptance Corp. v. Anacone*, 160 Me. 53, 82, 197 A.2d 506, 524 (1964)). "The necessary elements to make out a claim for conversion are (1) a showing that the person claiming that his [or her] property was converted has a property interest in the property; (2) that he [or she] had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder." *Id.* (citation omitted).

Here, Plaintiffs have established that Mr. Linn and Plaintiff Aquino had an interest in the funds provided to Defendant, that a demand was made for the funds, and Defendant did not return the funds.[2] Plaintiffs, therefore, have established that they are likely to recover a judgment in the amount of $225,000 on the conversion claim. The record also establishes that there is no available insurance, bond, or other security available to satisfy

---

[2] Although Plaintiffs did not directly assert by affidavit that a demand had been made, the Court can reasonably infer from the affidavit of Hanna Aquino and the attachments to the affidavit, including the state court criminal charges against Defendant in connection with this dispute and Defendant's statements to police stating that Mr. Linn and his attorneys had threatened legal action based on the dispute, that there is record support for the demand allegation in the complaint. Furthermore, the record evidence, including Defendant's statements to law enforcement that he "liquidated" the cryptocurrency and that the cryptocurrency is not available, supports the conclusion that a demand is not necessary under the circumstances for Plaintiffs to prove conversion. *See Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800 ("'where circumstances show that a demand would be useless, a demand is not necessary.'") (quoting *General Motors Acceptance Corp. v. Anacone*, 160 Me. 53, 83, 197 A.2d 506, 524 (1964)).

the judgment. (Aquino Affidavit ¶ 11.) Accordingly, an attachment and an attachment on trustee process are warranted.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiffs' Motion for Attachment and Attachment on Trustee Process. The Court orders Plaintiffs shall have an attachment and an attachment on trustee process on Defendant's property in the amount of $225,000.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of December, 2023.