# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| HANNA AQUINO and<br>SUSAN ENGLAR, *in her capacity*<br>*as personal representative of the*<br>*Estate of Max Linn*,<br><br>             Plaintiffs,<br><br>v.<br><br>MATTHEW T. MCDONALD,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Docket No. 1:23-cv-00310-NT<br>)<br>)<br>)<br>) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before me is a motion to dismiss brought by the Defendant, Matthew T. McDonald (ECF No. 21). For the reasons stated below, the Defendant's motion is **DENIED**.

## FACTUAL BACKGROUND

On August 7, 2023, Hanna Aquino and Susan Englar, in her capacity as the personal representative of the Estate of Max Linn, filed a complaint against McDonald. In brief, the Complaint alleges that McDonald was Linn's "former friend, campaign advisor, and trusted advisor." Compl. ¶ 1 (ECF No. 1). McDonald induced Linn to transfer money to him, saying that he was investing it in certain digital assets. Compl. ¶ 1. All told, Linn transferred at least $225,000 belonging to him and his wife, Aquino. Compl. ¶¶ 9, 15. McDonald never gave Linn access to his accounts or any of the money despite repeated requests, and he eventually cut off contact with Linn and filed a protection from harassment complaint against him. Compl. ¶ 11–14,

17. These events caused serious stress to Linn and Aquino, and, on December 11, 2021, Aquino found Linn dead of an apparent heart attack in a hot tub. Compl. ¶¶ 26–27. On April 6, 2023, McDonald was indicted by a Hancock County grand jury on the charge of theft by deception. Compl. ¶ 28. McDonald still has not returned the money. Compl. ¶ 67.

The Plaintiffs have brought eleven counts against McDonald: (1) fraud; (2) constructive fraud; (3) breach of contract; (4) promissory estoppel; (5) unjust enrichment; (6) constructive trust; (7) breach of fiduciary duty; (8) tortious interference with expected inheritance; (9) intentional infliction of emotional distress; (10) conversion; and (11) negligence. Compl. ¶¶ 29–86. McDonald now moves to dismiss the complaint in its entirety. Mot. to Dismiss (ECF No. 21).

## LEGAL STANDARD

Although the Plaintiff does not state what defense under Rule 12 of the Federal Rules of Civil Procedure he is basing his motion to dismiss on, it seems to fall most closely under Rule 12(b)(6). In reviewing a Rule 12(b)(6) motion, I "evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.' " *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To do so, I must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader[s'] favor, and see if they plausibly narrate a claim for relief.' " *Zell v. Ricci*,

957 F.3d 1, 7 (1st Cir. 2020) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615–16 (1st Cir. 2019)). While I "assume the truth of all well-pleaded facts and give the plaintiff[s] the benefit of all reasonable inferences therefrom," I need not "draw unreasonable inferences or credit bald assertions or empty conclusions." *Guilfoile*, 913 F.3d at 186 (internal quotation marks omitted).

## DISCUSSION

The Defendant offers two reasons for dismissing the complaint. First, he states, "based on psychological testing I am not always cognitively aware of my actions and therefore cannot stand trial." Mot. to Dismiss. This is not an appropriate reason to dismiss a civil suit. Rule 25(b) of the Federal Rule of Civil Procedure covers what to do in the event a party is incompetent. "If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative." Fed. R. Civ. P. 25(b). As the rule states, this involves a separate motion and the proffer of evidence sufficient to show that the Defendant is incompetent. *See Von Hirsch v. Olson*, No. 2:21-cv-00107-NT, 2023 WL 3115063, at *6 (D. Me. Apr. 27, 2023). Regardless, the motion to dismiss cannot be granted on this basis.

Second, McDonald claims that "there is no proof that Ms. Hanna Aquino was ever legally married to the late Max Linn as no marriage license can be found and she [is] not mentioned as his wife in either of his obituaries." Mot. to Dismiss. But at the motion to dismiss stage, I must take all well-pleaded facts in the Plaintiffs' favor, including the allegations that Aquino and Linn were married. *See* Comp. ¶¶ 2, 27, 65.

Even if I did not, it is unclear how this would make a difference in the claims because Aquino could still stand to inherit from Linn if they were not married. The motion to dismiss cannot be granted on this basis, either.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's motion to dismiss (ECF No. 21).

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 7th day of February, 2024.