UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HANNA AQUINO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:23-cv-00310-NT |
| | ) |
| MATTHEW T. MCDONALD, | ) |
| | ) |
| Defendant | ) |

**ORDER ON MOTION TO CONSIDER MEDICAL RECORDS AND MOTION TO SEAL, AND RECOMMENDED DECISION AFTER DISCLOSURE HEARING**

On November 18, 2024, the Court entered a default judgment in favor of Plaintiffs and against Defendant in the amount of $225,000. (Judgment, ECF No. 46.) Plaintiffs subsequently obtained from the court a writ of execution on the judgment. (Writ of Execution, ECF No. 48.)

A writ of execution is the traditional and standard method of enforcing a money judgment. *See* Fed. R. Civ. P. 69(a)(1). It "is the formal document issued by a court that authorizes a [law enforcement] officer to levy upon the property of a judgment debtor and sell such property to satisfy a judgment debtor's debt." 30 Am. Jur. 2d Executions § 61; *see also* 14 M.R.S.A. §§ 4651 et seq (general provisions on writs of execution and execution liens). "The levy of a writ of execution . . . is the process whereby a [law enforcement] official . . . seizes or brings within his or her control a judgment debtor's property for the purposes of satisfying a judgment." *Id.* § 167; *see also Equity Portfolio, LLC, Ltd. v. Schriever*, 2002 ME 104, ¶ 2, 799 A.2d 1236, 1237 ("a writ of execution . . .

permits the county sheriff to seize and sell the debtor's property"); 14 M.R.S.A. §§ 4751 (provisions governing officers' sales of nonexempt property).

Pursuant to Federal Rule of Civil Procedure 69, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1); *see also Whitfield v. Municipality of Fajardo*, 564 F.3d 40, 43 (1st Cir. 2009) ("Under this rule, state law governs not only the parties' substantive rights but also the procedure to be followed").

Under Maine's enforcement statute, a judgment creditor is authorized to serve a disclosure subpoena, 14 M.R.S.A. §§ 3122, 3123, for a disclosure hearing to determine the judgment debtor's ability to pay, *id.* § 3125(1). Following the hearing, a court can issue an order or a combination of orders requiring the judgment debtor to pay installments, *id.* § 3126, turn over nonexempt property, *id.* § 3131(1), turn over nonexempt property for sale, *id.* § 3131(2), or create a lien on certain nonexempt property, *id.* § 3132. A court can also order a third-party to garnish the judgment debtor's wages, *id.* § 3127-B, or turn over and sell property in the third party's control in which property the judgment debtor has an interest, *id.* § 3127-A.

Plaintiffs moved for a disclosure hearing and served Defendant with a disclosure subpoena. (Motion, ECF No. 47; Return of Service, ECF No. 59.) Following the hearing, Defendant filed a motion seeking to supplement the disclosure hearing record with some of his medical records and a motion to seal the records. (Motion to Consider Medical

Records, Motion to Seal, ECF No. 68.) Plaintiffs object to the motion to consider Defendant's medical records.

Following a review of the record and after consideration of the parties' arguments, I deny Defendant's request for the Court to consider his medical records, grant Defendant's motion to seal, and recommend the Court find that Defendant does not have the present ability to pay the judgment.

### A. Motion to Consider Medical Records/Motion to Seal

Defendant asked the Court to consider medical records primarily related to a mental health assessment and treatment. If the Court were to consider the records, the Court would consider evidence that Plaintiffs did not have the opportunity to challenge or rebut. Had the records been presented at the hearing, Plaintiffs could have questioned Defendant about his medical condition and the significance, in Defendant's view, of the records. Furthermore, the records, without testimony from the providers as to the impact of Defendant's medical condition on Defendant's ability to work and earn income, are not particularly probative of the material issues in this disclosure proceeding. Accordingly, I deny Defendant's motion to consider the medical records.

Defendant also asked the Court to seal the medical records. When the Court considers a motion to seal, the Court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 59

(quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). In its assessment of a request to seal, the Court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*. Here, given that the Court will not consider the records in assessing the issues in this proceeding and given the significance of Defendant's privacy interests in maintaining the confidentiality of his medical records, I grant the motion to seal.

**B.     Disclosure Hearing**

### PROPOSED FINDINGS OF FACT

I find and propose that the Court find the following facts:

1. Defendant resides in Hancock, Maine, with his spouse, Cassandra McDonald.
2. Defendant was last employed by Home Depot in April 2023. Defendant earned $20 per hour while working at Home Depot.
3. Defendant is in the process of seeking disability benefits.
4. Defendant's spouse earns $18 per hour working at a local café.
5. Defendant's 2024 federal income tax return, which Defendant filed jointly with his spouse, reflects an adjusted gross income for Defendant and his spouse of $18,339.
6. Defendant and his spouse live in a mobile home park in a rented mobile home. They pay $480 each month in rent; $180 of the payment is allocated to a "rent to own" agreement regarding the mobile home.
7. Defendant does not own any real estate.

8. Defendant does not own a vehicle. Defendant's spouse owns a 2020 Nissan Rogue.

9. Defendant has one bank account that he shares with his father. The bank records from February 2024 through February 2025 reflect various deposits, often in the form of Venmo transfers. The records also show that at various times, Defendant placed bets with certain online gambling businesses, including DraftKings.

10. The ongoing balance of the account for the most recent three months submitted (December 2024, January 2025, and February 2025) rarely exceeds $1,000 and was often below $500.

11. The final balance on the most recent bank statement (February 2025) was $29.19.

12. Defendant does not have a joint bank account with his spouse.

13. Defendant's spouse pays all the living expenses. Defendant and his spouse obtain food from a local food pantry.

14. Defendant has a Venmo account with a current balance of zero.

## DISCUSSION

Plaintiffs ask the Court to order that Defendant make installment payments toward satisfaction of the judgment. The relevant Maine statute authorizes the Court to order installment payments based on a debtor's disposable earnings and exempt income. 14 M.R.S. § 3122(3). The record establishes that Plaintiff has no earnings or income. While

Plaintiff's bank joint bank account reflects a fluctuating balance and some non-essential spending, the record lacks any evidence of the ultimate source of the funds deposited in the account. The record does not support a finding that the funds in the account are the product of Defendant's earnings or exempt income. Plaintiffs, therefore, have failed to establish that Defendant has earnings that would serve as the basis for an installment order.[1]

## CONCLUSION

Based on the proposed factual findings and the above analysis, I recommend the Court find that Defendant does not have the ability to make payments on the judgment at this time and that the Court deny Plaintiffs' request for an installment order.[2]

## NOTICE

    Any objections to the Order on the motion to consider medical records or the motion to seal shall be filed in accordance with Federal Rule of Civil Procedure 72.

    A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

---

[1] To the extent Plaintiffs contend that the Court should order Defendant to pay some or all the amount in his bank account, based on the record evidence, the amount of the final balance reflected in the most recent account statement would appear to be exempt. *See* 14 M.R.S. § 4422(17) (Property exempt from attachment and execution includes "[t]he debtor's interest in cash or in deposit accounts or other accounts of a financial institution, equal to any amount in cash or in the deposit account or other account of financial institutions, but not exceeding $3,000.").

[2] If the recommendation is adopted, the Court's order would not foreclose Plaintiffs from further disclosure of Defendant in accordance with Maine's statutes. *See e.g.*, 14 M.R.S. § 3124 ("A judgment creditor may subpoena the judgment debtor no more than once every 6 months, except for good cause shown.").

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of August, 2025.